UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 21-09082-CAS (DFM) | Date: | November 29, 2021 |
|---|---|---|---|
| Title | Davion Hawkins v. Rabon Johnson | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On November 9, 2021, Petitioner Davion Hawkins constructively filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody. See Dkt. 1. That same day, Petitioner also constructively filed a request for a 90-day extension of time to "file a response to the denial in the California Supreme Court." Dkt. 2.

Petitioner does not explain why an extension is needed or warranted. Petitioner's direct appeal to the California Court of Appeal was denied on August 26, 2020. See California Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (No. B294348). Petitioner filed petitions for review in the California Supreme Court on September 28 and 29, 2020, both of which were denied on November 10, 2020. See California Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (No. S264674).

It thus appears that the statute of limitations for the filing of a federal habeas petition would not expire until February 8, 2022, absent tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (holding that the petitioner's conviction became final ninety (90) days after the California Supreme Court denied his petition for review). Moreover, the appellate website shows no active filings, and any petitions for review would likely be untimely at this point. See Cal. Rules Ct. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court.").

Petitioner may have unexhausted claims that he intends to present to the California Supreme Court in a state habeas petition. See Pace v. Diguglielmo, 544 U.S. 408, 416 (2005) (state petitioner may file "protective" federal habeas petition in federal court and request a stay and abey of federal habeas proceedings in order to exhaust state remedies). In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

unexhausted claims. The prerequisites for obtaining a stay under <u>Rhines</u> while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." <u>Id.</u> at 277-78. The Supreme Court has not precisely defined what constitutes "good cause" for a <u>Rhines</u> stay. See <u>Blake v. Baker</u>, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." <u>Dixon v. Baker</u>, 847 F.3d 714, 720 (9th Cir. 2017). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. <u>Blake</u>, 745 F.3d at 982. It is unclear whether Petitioner can meet the <u>Rhines</u> requirements.

     IT IS THEREFORE ORDERED that within twenty-eight (28) days of this Order, Petitioner either (1) file a formal stay-and-abey motion if he believes that he can make the required showing under <u>Rhines</u> or (2) otherwise explain why an extension is warranted. If Petitioner fails to timely respond, the Court will deny the extension request and serve the Petition on Respondent.